UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
JUN 1 9 2007
CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

In re:

JANEMARIE BURZEE,

    Debtor.
_____/

Case No. 6:04-bk-06902-ABB
Chapter 7

PARK AVENUE INSURANCE
AGENCY, INC.

    Plaintiff,

vs.

JANEMARIE BURZEE,

    Defendant.
_____/

Adv. Pro. No. 6:05-ap-00323-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Plaintiff's Verified Motion for Partial Summary Judgment ("Summary Judgment Motion")[1] filed by Park Avenue Insurance Agency, Inc., the Plaintiff herein ("Plaintiff") against Janemarie Burzee, the Defendant and Debtor herein ("Debtor"), and the Defendant's Verified Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment ("Summary Judgment Response")[2] filed by the Debtor against the Plaintiff. A hearing on the Motion was held on June 4, 2007 at which the Plaintiff's and the Debtor's respective counsel appeared.

---

[1] Doc. No. 34.
[2] Doc. No. 43.

The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

The Debtor is a former employee of the Plaintiff and was subject to an employment agreement containing a covenant not to compete provision ("No Compete Clause"). The Plaintiff instituted an action for declaratory judgment, injunctive relief, and damages against the Debtor in the Ninth Judicial Circuit Court of Florida ("Circuit Court") for violation of the No Compete Clause.[3] The action resulted in several judgments (collectively "Judgments"), including a Final Judgment[4] entered against the Debtor on March 17, 2004. The Circuit Court issued an injunction against the Debtor "restraining her from further violation of the Covenant Not to Compete Agreement."[5]

The Debtor subsequently violated the injunction and a second judgment, the Civil Contempt Judgment, was entered against the Debtor on May 24, 2004 finding the following:

> 1. This Court finds that there has been a technical violation of its Injunction of March 17, 2004.
> 2. The Defendant willfully, knowingly and intentionally violated this Court's permanent Injunction of March 17, 2004, by taking affirmative actions. . . which endeavored to solicit current clients of Plaintiff's in express violation of the Covenant Not to Compete agreement. . .

It is hereby ORDERED and ADJUDGED as follows:

---

[3] Plaintiff's Ex. A: Verified Complaint for Declaratory Judgment, Injunctive Relief, and Damages.
[4] Plaintiff's Ex. B: Final Judgment on Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment ("Final Judgment").
[5] Id. at ¶ 9.

2

    3. The Defendant, JANEMARIE BURZEE, is in knowingly, intentionally, and willful civil contempt of this Court's Injunction,

    4. This Court imposes a civil fine in the amount of One Hundred Dollars ($100.00) against the Defendant, JANEMARIE BURZEE, as a sanction for her knowing, intentional, and willful violation of this Court's Order. . .[6]

The Circuit Court entered a Final Judgment Taxing Attorney's Fees and Costs[7] ("Costs Judgment") and a Final Judgment on Plaintiff's Motion for Entry of Final Judgment on Damages ("Damages Judgment").[8] The Florida Fifth District Court of Appeals affirmed the findings of the Circuit Court regarding the Debtor's violation, but reversed the amount of damages awarded.[9]

The Debtor filed a Chapter 13 bankruptcy case on June 15, 2004 ("Petition Date"). The Debtor's case was converted to a Chapter 7 on September 13, 2005. The Plaintiff instituted this adversary proceeding objecting to the discharge of the Debtor and requesting a determination as to the dischargeability of the debts owed pursuant to the Judgments issued by the Circuit Court. The Plaintiff filed the instant Summary Judgment Motion asserting the debts are nondischargeable for willful and malicious injury, and the doctrine of collateral estoppel is applicable.

The Plaintiff correctly asserts parties may invoke collateral estoppel to preclude the relitigation of elements necessary to meet a Section 523(a) dischargeability exception, but the Plaintiff solely relies on the language found in the Civil Contempt Judgment entered against the Debtor in the Circuit Court. The Plaintiff did not demonstrate with clarity and certainty what was determined by the Circuit Court. The Circuit Court did not issue

---

[6] Plaintiff's Ex. C: Final Judgment of Civil Contempt and Preliminary Order on Plaintiff's Motion for Entry of Final Judgment on Damages (Enforcing and Establishing Entitlement to Liquidated Damages, Legal Issues Only) ("Civil Contempt Judgment").
[7] Plaintiff's Ex. D.
[8] Plaintiff's Ex. E.
[9] Plaintiff's Ex. F.

specific findings of fact and did not specify why the Debtor's conduct was characterized as "willfully, knowingly, and intentionally." The Plaintiff has not established the Judgments have preclusive effect for a § 523(a)(6) nondischargeability determination pursuant to the collateral estoppel doctrine. The language of the Judgments is insufficient to establish the elements of § 523(a)(6). The Plaintiff's Summary Judgment Motion is due to be denied.

The Debtor's Summary Judgment Response is due to be granted because there is no genuine issue as to the facts pled by either party. The Plaintiff did not establish the Debtor's conduct caused willful and malicious injury to the Plaintiff. The Debtor is entitled to judgment as a matter of law.

## CONCLUSIONS OF LAW

### *Summary Judgment Standard*

Granting summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2005) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The non-moving party must establish specific facts showing the existence of a genuine issue of fact for trial if a movant makes a properly supported summary judgment motion. Fed. R. Civ. P. 56(e). The non-moving party may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with

an affirmative showing of evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A court determining entitlement to summary judgment must view all evidence and make reasonable inferences in favor of the party opposing the motion. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995).

### *11 U.S.C. § 523(a)(6)*

The Plaintiff challenges the dischargeability of the Civil Contempt Judgment debt pursuant to 11 U.S.C. Section 523(a)(6) based upon the Circuit Court's characterization of the Debtor's violation as "knowingly, intentionally, and willful." The Plaintiff contends the Civil Contempt Judgment establishes the requisite elements for nondischargeability pursuant to Section 523(a)(6). Section 523(a)(6) provides a discharge pursuant to Section 727 does not discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (2005).

The exception of a debt from discharge pursuant to Section 523(a)(6) requires a plaintiff to establish by a preponderance of the evidence the debtor deliberately and intentionally injured the creditor or creditor's property by a willful and malicious act. In re Howard, 261 B.R. 513, 520 (Bankr. M.D. Fla. 2001). The United States Supreme Court ruled in Kawaauhau v. Geiger that in order to establish the requisite willful and malicious intent of Section 523(a)(6), a plaintiff must establish the injury was intentional—that the debtor intended the consequences of his or her act. The Supreme Court explained, because "willful" modifies "injury" in Section 523(a)(6), nondischargeability requires conduct that inflicts an injury intentionally and deliberately,

"not merely . . . a deliberate or intentional *act* that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61-2 (1998).

### *Collateral Estoppel Doctrine*

Collateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding. Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998). Collateral estoppel principles are applicable in dischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 284, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The following elements are required for the application of collateral estoppel pursuant to Florida law:

> (1) an identical issue must have been presented in the prior proceedings; (2) the issue must have been a critical and necessary part of the prior determination; (3) there must have been a full and fair opportunity to litigate that issue; (4) the parties in the two proceedings must be identical; and (5) the issues must have been actually litigated.

Cook v. State, 921 So. 2d 631, 634 (Fla. 2d DCA 2005). "The party seeking preclusion is required to demonstrate 'with clarity and certainty' what was determined by the prior judgment." In re Gelinas, 2007 WL 1184075, *4 (Bankr. S.D. Fla. 2007) *citing* O'Brien v. Zangara (In re Zangara), 217 B.R. 26, 32 (Bankr. E.D.N.Y. 1998).

All elements required to establish "willful and malicious injury" pursuant to Section 523(a)(6) must have been proved in the prior proceeding for collateral estoppel to apply. Grogan, 498 U.S. at 281 (*citing* In re Garner, 73 B.R. 26 (W.D. Mo. 1987)) (holding all elements required to establish actual fraud pursuant to Section 523 must be proved for collateral estoppel to apply). Collateral estoppel would bar relitigation of issues if, in the course of adjudicating a state law issue, a state court determines factual issues using the standards identical to those in the pertinent code provision. Brown v.

6

Felsen, 442 U.S. 127, 139 (1979) (finding standards must be identical to those in Bankr. Act § 17 for collateral estoppel to apply).

Collateral estoppel is not applicable to this proceeding because the first criterion of the collateral estoppel elements is not met. In re Adams, 349 B.R. 199, 203 (Bankr. W.D. Mo. 2006). "To prevail under 11 U.S.C. § 523(a)(6), a creditor must prove that the allegedly nondischargeable debt arises from a 'willful and malicious injury' to the creditor or the creditor's property." Id. The requirement to demonstrate "with clarity and certainty" what was determined by the Circuit Court poses a significant issue for the Plaintiff because no specific findings of fact were issued. The Circuit Court did not specify why the Debtor's conduct was characterized as "willfully, knowingly, and intentionally." The standard applied by the Circuit Court may differ from that required by Section 523(a)(6).

The "willful and malicious" standard of § 523(a)(6) is more rigorous than the standard applied by the Circuit Court. "Willful" means "intentional, knowing, and purposeful" when considering Florida state law. State v. Lebron, 954 So.2d 52, 54 (Fla. 5th DCA 2007). "Willful," pursuant to Section 523(a)(6), means the injury, not merely the act leading to the injury, must be deliberate or intentional. Kawaauhau, 523 U.S. at 61-2.

The language of the Civil Contempt Judgment is insufficient to establish the elements of Section 523(a)(6).[10] The Plaintiff has not established the Civil Contempt Judgment has preclusive effect for a Section 523(a)(6) nondischargeability determination

---

[10] See In re St. Laurent, 991 F.2d 672, 676 (11th Cir. 1993) (finding a state court judgment to be nondischargeable where the judgment contained specific findings regarding fraudulent representations and established the elements of § 523(a)(2)(A) of the Bankruptcy Code. Collateral estoppel barred relitigation of the facts necessary for a determination of § 523(a)(2)(A) dischargeability).

pursuant to the collateral estoppel doctrine. It does not contain specific findings of willful and malicious acts committed by the Debtor in order to deliberately cause injury to the Plaintiff. The Plaintiff's Summary Judgment Motion is due to be denied and the Debtor's Summary Judgment Response is due to be granted.

Accordingly, it is

**ORDERED, ADJUDGED AND DECREED** that the Defendant's Verified Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment is **GRANTED**; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Plaintiff's Verified Motion for Partial Summary Judgment is **DENIED**; and it is further

**ORDERED, ADJUDGED and DECREED** that a status conference will be held on the remaining counts of the complaint on July 9, 2007 at 2:30 p.m.

A separate Judgment in favor of the Debtor and against the Plaintiff consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 19th day of June, 2007.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge